[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13442

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JASON VASHON JONES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:19-cr-00009-HL-TQL-1

————————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Jones appeals his sentence of 151 months' imprisonment for conspiracy to possess with intent to distribute a controlled substance. On appeal, he argues that the district court erred in applying a career offender enhancement when calculating his guideline range, because a conspiracy conviction does not constitute a "controlled substance offense" under U.S.S.G. § 4B1.2. The government concedes error on this issue in light of our decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*). Jones also argues that his prior Georgia marijuana convictions do not constitute "controlled substance offenses" because the Georgia definition of "marijuana" is overbroad compared to the federal definition. Jones further argues that his prior Georgia marijuana convictions are not "controlled substance offenses" under § 4B1.2 because the Georgia definition of marijuana included hemp at the time of his convictions, while the federal definition at the time of his sentencing for the instant offense excludes hemp.

## I.

We review *de novo* a district court's decision to classify a defendant as a career offender pursuant to § 4B1.2. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). We are not bound by a concession of law. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021). Likewise, we need not accept the government's

22-13442                Opinion of the Court                3

concession of error "when the law and record do not justify it." *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000).

The Sentencing Guidelines provide that

[a] defendant is a career offender if (1) the defendant was at least [18] years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least [2] prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). "Career offender" status warrants a set offense level based on the statutory maximum of the underlying offense. *Id.* § 4B1.1(b). In *Dupree*, we ruled that the text of § 4B1.2(b)—which defines "controlled substance offense"—unambiguously excludes inchoate crimes, including conspiracy. *Dupree*, 57 F.4th at 1277-79 (vacating and remanding for resentencing without a career offender enhancement, holding that conspiracy to possess with intent to distribute heroin and cocaine was not a "controlled substance offense"). Moreover, *Dupree* overruled prior precedent of this Court that relied on Application Note 1 of § 4B1.2 in holding that a conspiracy offense can trigger a career offender enhancement. *Id.* at 1279-80.

A defendant with a pending appeal is entitled to receive the benefit of a change in the law by having any intervening law-changing decision applied retroactively to his case. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

Here, the district court erred in applying a career offender enhancement. We have stated explicitly that inchoate crimes, such as Jones's conspiracy conviction, are not "controlled substance offenses" under § 4B1.2. Thus, because Jones's instant conviction is neither a "controlled substance offense" nor a "crime of violence," he is ineligible for career offender status under § 4B1.1(a). Lastly, because *Dupree* provides a sufficient basis to vacate and remand in this case, we do not address Jones's arguments related his prior Georgia state convictions. Accordingly, this we vacate Jones's sentence and remand for resentencing consistent with *Dupree*.

**VACATED AND REMANDED.**